UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL HANUDEL, | ) | CASE NO. 5:11CV1059 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | |
| HOMESITE INSURANCE, e al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is plaintiff's motion to remand (Doc. No. 8) and defendants' opposition (Doc. No. 9). For the reasons discussed below, the motion is **DENIED**.

On April 22, 2011, plaintiff commenced a lawsuit in the Summit County Court of Common Pleas. He asserted three claims for relief against the defendants: age discrimination under Ohio law, violation of the federal Family and Medical Leave Act (FMLA), and intentional infliction of emotional distress.

On May 24, 2011, defendants removed the action on the basis of federal question jurisdiction, asserting that there were two federal claims: age discrimination and FMLA. Plaintiff now seeks to have the state law claims remanded, leaving only the FMLA claim before this Court.

Plaintiff is correct that his age discrimination claim was pled only under Ohio law. Even so, the removal was proper because of the presence of the FMLA claim. Although

there might be situations where the state law claims of a complaint should be remanded and handled by a state court, this is not one of those situations.

The Sixth Circuit has addressed the three prerequisites for the exercise of supplemental jurisdiction over state law claims: "(1) the federal claim must have substance sufficient to confer subject matter jurisdiction on the court; (2) the state and federal claims must derive from a common nucleus of operative fact; and (3) the plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." *Transcontinental Leasing, Inc. v. Michigan Nat. Bank of Detroit*, 738 F.2d 163, 165-66 (6th Cir. 1984) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)). Supplemental jurisdiction is also "a doctrine of discretion whose justification lies in 'consideration of judicial economy, convenience and fairness to litigants.'" *Id*. at 166 (quoting *Gibbs* 383 U.S. at 726).

All of the prerequisites for exercising supplemental jurisdiction are met in this case; judicial economy, convenience and fairness to the parties all weigh in favor of doing so.

Accordingly, plaintiffs' motion to remand (Doc. No. 8) is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 14, 2011

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

2